UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN LEVINE, individually and on behalf of all others similarly situated,,<br><br>      Plaintiff,<br><br>      v.<br><br>MAPLEBEAR, INC. (d/b/a INSTACART),<br><br>      Defendant. | Civil Action No. |

**NOTICE OF REMOVAL OF ACTION BY DEFENDANT MAPLEBEAR, Inc., d/b/a INSTACART**

Defendant Maplebear, Inc. d/b/a Instacart ("Instacart") hereby removes the above-captioned matter, commenced as Case Number 2184CV01853 in the Superior Court of the Commonwealth of Massachusetts for the County of Suffolk (the "Action"), to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. In so removing, Instacart reserves all rights and defenses. In support of its Notice of Removal, Instacart states the following:

**I. REMOVAL IS TIMELY**

1. On August 12, 2021, Plaintiff Stephen Levine, on behalf of himself and all others similarly situated, filed the Action in the Superior Court of Massachusetts for the County of Suffolk against Instacart.

2. At the earliest, Plaintiff completed service on September 22, 2021, the date on which Instacart's designated agent received a copy of the summons and Complaint. This removal petition is therefore timely under 28 U.S.C. § 1446(b). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Civil Action Cover Sheet, Summons, and Complaint are attached to this Notice as Exhibit A.

## II. REMOVAL IS PROPER UNDER CAFA

4. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this Action and all claims asserted against Instacart pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The Action is (i) a class action; (ii) in which at least one member of the putative class of plaintiffs is a citizen of a state different from that of the Defendant; (iii) the number of members of the putative class of plaintiffs is not less than 100; and (iv) the amount allegedly in controversy exceeds $5,000,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B). Because the Action meets CAFA's requirements, it may be removed to this Court under the provisions of 28 U.S.C. §§ 1446 and 1453.[1]

**CAFA's Requirements for Removal Are Satisfied**

5. Covered Class Action. A case satisfies CAFA's class action requirement if it is "filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The Action satisfies this definition because Plaintiff alleges the case should be certified as a class action "on behalf of all Instacart drivers who have worked as independent contractors in Massachusetts under Mass. R. Civ. P. 23 and/or Mass. Gen. L. c. 149, § 150." (Compl. ¶ 21.) Mass. R. Civ. P. 23 is Massachusetts' equivalent of Federal Rule of Civil Procedure

---

[1] This Notice of Removal is filed for the purpose of establishing jurisdiction only. Instacart denies the allegations and damages claimed in the Complaint and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in either state or federal court. Nothing in this Notice constitutes an admission of any of the allegations in the Complaint, including whether Plaintiff is entitled to bring this case as a class action or recover any relief whatsoever as a result of his claims.

Rule 23.  *See* Mass. R. Civ. P. 23(a) ("Prerequisites to Class Action.  One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.").

6. Minimal Diversity.  The diversity requirement of § 1332(d) is satisfied if at least one putative class member is a citizen of a different state than at least one defendant.  28 U.S.C. § 1332(d)(2)(A).  Plaintiff alleges he is "an adult resident of Lynn, Massachusetts."  (Compl. ¶ 5.)  He further purports to bring this suit on behalf of "all Instacart drivers who have worked . . . in Massachusetts."  (*Id.* ¶ 21.)  Instacart is a citizen of California, where its principal place of business is located, and Delaware, where it is incorporated.  (*See id.* ¶ 6.)  Because Plaintiff is a citizen of Massachusetts, and Defendant is a citizen of California and Delaware, the minimal diversity requirement is met.

7. The Putative Class Includes At Least 100 Members.  Plaintiff seeks to represent "individuals who have worked for [Instacart] . . . as delivery drivers or full-service shoppers . . . in Massachusetts."  (*Id.* ¶ 1.)  Based on this allegation, Instacart has a good faith basis to believe, and on that basis avers, that over 91,000 persons have used Instacart's platform to complete at least one batch[2] as full-service shoppers in Massachusetts during the 3-year limitations period for the

---

[2] A "batch" is a customer order or group of orders placed using Instacart's platform, which a Shopper can choose whether or not to accept.  Once a Shopper accepts a batch, the Shopper proceeds to the store to retrieve the customer's requested items, goes through the check-out process, and then delivers the items to the customer's desired location.

claims asserted by Plaintiff ("Shoppers"). Thus, CAFA's 100-member requirement is satisfied. 28 U.S.C. § 1332(d)(5)(B).

8. <u>Amount in Controversy Exceeds $5 Million.</u> CAFA's amount in controversy requirement is met if the claims of individual class members, when aggregated, exceed $5,000,000 exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (6). The amount in controversy requirement is satisfied here.

9. As described in the Complaint, Instacart maintains a "mobile phone application and website," through which customers can place orders from retailers for grocery delivery. (Compl. ¶¶ 1, 7-8.) "Full-service Shoppers shop for the grocery items, as well as deliver them to customers." (*Id.* ¶ 8 n.3.) Plaintiff alleges that Shoppers "do not receive an hourly rate" and are "paid based on a combination of fees per delivery and fees per item purchased." (*Id.* ¶ 19.) Plaintiff further alleges that Shoppers incur expenses, including "the cost of owning or leasing and maintaining their vehicles, gas, insurance, and phone and data expenses for running the Instacart Application," for which "Instacart does not reimburse drivers." (*Id.* ¶ 18.)

10. Plaintiff asserts three claims for violation of Massachusetts law, on behalf of himself and "all Instacart drivers who have worked as independent contractors in Massachusetts" (*Id.* at 6-7):

a. Wage Act claim (Mass. Gen. Laws ch. 149, §§ 148, 148B), for "failing to reimburse [Instacart drivers] for their business expenses necessary to perform their work, such as gas and car maintenance, smartphones and phone data plans";

b. Minimum wage claim (Mass. Gen. Laws ch. 151, §§ 1, 7, 20), for "failing to ensure that [Instacart] delivery drivers are paid at least the full state minimum wage"; and

c.	Sick leave claim (Mass. Gen. Laws ch. 149, § 148C), for "failing to pay Instacart drivers earned sick time at a rate of at least one hour for every thirty hours worked." (Compl. at 6-7.)

11.	Plaintiff does not allege a specific amount of damages claimed. Among other forms of relief, Plaintiff seeks "[r]estitution of all damages due to the Plaintiff and other class members because of their misclassification as independent contractors and related wage law and sick leave violations"; "[s]tatutory trebling of damages," and "[a]ttorneys' fees and costs." (*Id.* at 7.)

12.	The applicable statute of limitations for each of Plaintiff's claims is three (3) years. Mass. Gen. Laws ch. 149, § 150.

13.	For purposes of jurisdictional requirements for removal, Instacart has a good faith basis to believe, and on that basis avers, that over 91,000 Shoppers have used Instacart's platform to complete at least one batch in Massachusetts during the 3-year limitations period for the claims asserted by Plaintiff. Only **$54.95** would have to be in controversy on average for each of those 91,000 Shoppers for the jurisdictional threshold to be satisfied.

14.	Instacart further believes, and on that basis avers, that Shoppers have driven over 20 million miles while conducting deliveries in Massachusetts during that same limitations period. Instacart disputes, and does not concede, that Plaintiff's claims have merit or that the putative class ultimately would be entitled to any amount of monetary relief. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.") Nor does Instacart concede that any expense reimbursement is due or that the Internal Revenue Service mileage reimbursement rate is the appropriate one. But assuming that Plaintiff contends that Instacart owes reimbursement for mileage at the IRS mileage reimbursement rate between 2018 and 2021 (an

average of 0.565 cents per mile[3]), then the over 20 million miles driven by Shoppers places in controversy at least **$11.3 million**. Even assuming a lower mileage reimbursement rate of 0.30 per mile, then the over 20 million miles driven by Shoppers places in controversy $6 million. These amounts far exceeds the jurisdictional threshold even before taking into account any of Plaintiff's other claims, statutory trebling, or attorneys' fees, all of which would reduce the actual amount of miles required for Plaintiff to have placed in controversy an amount above the jurisdictional threshold.

15.     No CAFA Exceptions.  The Action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d).

**Other Procedural Requirements for Removal Are Satisfied**

16.     Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because the Superior Court of Massachusetts for the County of Suffolk is located within this district.

17.     A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of Massachusetts for the County of Suffolk, and is being served on all counsel of record, consistent with 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit B.

**III.    NON-WAIVER OF DEFENSES**

18.     By removing this action from the Superior Court of Massachusetts, Instacart does not waive any defenses available to it or any right to have this dispute resolved in arbitration.

19.     By removing this action from the Superior Court of Massachusetts, Instacart does not admit any of the allegations in the Plaintiff's Complaint.

---

[3] *See* https://www.irs.gov/tax-professionals/standard-mileage-rates.

BASED ON THE FOREGOING, Instacart hereby removes this Action, now pending in the Superior Court of the Commonwealth of Massachusetts for the County of Suffolk, to the United States District Court for the District of Massachusetts.

Respectfully submitted,

MAPLEBEAR, INC. d/b/a INSTACART,

By its attorneys,

/s/ Christopher B. Kaczmarek

Rohit K. Singla, *pro hac vice motion forthcoming*
Justin P. Raphael, *pro hac vice motion forthcoming*
Juliana M. Yee, *pro hac vice motion forthcoming*
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
Tel. (415) 512-4000; Fax (415) 512-4077
rohit.singla@mto.com
Justin.Raphael@mto.com
Juliana.Yee@mto.com

Christopher B. Kaczmarek, (BBO No. 647085)
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA 02110
Tel. (617) 378-6000; Fax (617) 737-0052
CKaczmarek@littler.com

Dated: October 1, 2021

## CERTIFICATE OF SERVICE

      I hereby certify that on this 1st day of October 2021, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing, as well as via email and Federal Express upon counsel of record for Plaintiff:

    Shannon Liss-Riordan, Esq.
    Michelle Cassorla, Esq.
    LITCHEN & LISS-RIORDAN, P.C.
    729 Boylston Street, Suite 2000
    Boston, MA 02116
    sliss@llrlaw.com
    mcassorla@llrlaw.com

                                                          */s/ Christopher B. Kaczmarek*
                                                          Christopher B. Kaczmarek