# EXHIBIT A

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| | | **COUNTY** Suffolk |

| Plaintiff Stephen Levine | Defendant: Maplebear, Inc. (d/b/a Instacart) |
|---|---|
| ADDRESS: | ADDRESS: |
| | |
| | |
| Plaintiff Attorney: Shannon Liss-Riordan | Defendant Attorney: |
| ADDRESS: Lichten & Liss-Riordan, P.C. | ADDRESS: |
| 729 Boylston Street, Suite 2000 | |
| Boston, MA 02116 | |
| BBO: 640716 | BBO: *8/12/2021* |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO.<br>A04 | TYPE OF ACTION (specify)<br>Employmnet Contract | TRACK<br>F | HAS A JURY CLAIM BEEN MADE?<br>☐ YES   ☒ NO |
|---|---|---|---|

*If "Other" please describe: _____

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES   ☐ NO | ☒ YES   ☐ NO |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date

    1. Total hospital expenses _____

    2. Total doctor expenses _____

    3. Total chiropractic expenses _____

    4. Total physical therapy expenses _____

    5. Total other expenses (describe below) _____

                      Subtotal (1-5):   **$0.00**

B. Documented lost wages and compensation to date _____

C. Documented property damages to date _____

D. Reasonably anticipated future medical and hospital expenses _____

E. Reasonably anticipated lost wages _____

F. Other documented items of damages (describe below)

    .

                      TOTAL (A-F):   **$0.00**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| Signature of Attorney/Unrepresented Plaintiff: X | Date: |
|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X  *Shannon Liss-Riordan* | Date: August 12, 2021 |
|---|---|

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality ***

AA1 Contract Action involving Commonwealth,
    Municipality, MBTA, etc. (A)
AB1 Tortious Action involving Commonwealth,
    Municipality, MBTA, etc. (A)
AC1 Real Property Action involving
    Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth,
    Municipality, MBTA, etc. (A)
AE1 Administrative Action involving
    Commonwealth, Municipality, MBTA,etc. (A)

**CN Contract/Business Cases**

A01 Services, Labor, and Materials (F)
A02 Goods Sold and Delivered (F)
A03 Commercial Paper (F)
A04 Employment Contract (F)
A05 Consumer Revolving Credit - M.R.C.P. 8.1 (F)
A06 Insurance Contract (F)
A08 Sale or Lease of Real Estate (F)
A12 Construction Dispute (A)
A14 Interpleader (F)
BA1 Governance, Conduct, Internal
    Affairs of Entities (A)
BA3 Liability of Shareholders, Directors,
    Officers, Partners, etc. (A)
BB1 Shareholder Derivative (A)
BB2 Securities Transactions (A)
BC1 Mergers, Consolidations, Sales of
    Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property (A)
BD2 Proprietary Information or Trade
    Secrets (A)
BG1 Financial Institutions/Funds (A)
BH1 Violation of Antitrust or Trade
    Regulation Laws (A)
A99 Other Contract/Business Action - Specify (F)

\* Choose this case type if ANY party is the
Commonwealth, a municipality, the MBTA, or any
other governmental entity UNLESS your case is a
case type listed under Administrative Civil Actions
(AA).

† Choose this case type if ANY party is an
incarcerated party, UNLESS your case is a case
type listed under Administrative Civil Actions (AA)
or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

D01 Specific Performance of a Contract (A)
D02 Reach and Apply (F)
D03 Injunction (F)
D04 Reform/ Cancel Instrument (F)
D05 Equitable Replevin (F)
D06 Contribution or Indemnification (F)
D07 Imposition of a Trust (A)
D08 Minority Shareholder's Suit (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting (A)
D11 Enforcement of Restrictive Covenant (F)
D12 Dissolution of a Partnership (F)
D13 Declaratory Judgment, G.L. c. 231A (A)
D14 Dissolution of a Corporation (F)
D99 Other Equity Action (F)

**PA Civil Actions Involving Incarcerated Party †**

PA1 Contract Action involving an
    Incarcerated Party (A)
PB1 Tortious Action involving an
    Incarcerated Party (A)
PC1 Real Property Action involving an
    Incarcerated Party (F)
PD1 Equity Action involving an
    Incarcerated Party (F)
PE1 Administrative Action involving an
    Incarcerated Party (F)

**TR Torts**

B03 Motor Vehicle Negligence - Personal
    Injury/Property Damage (F)
B04 Other Negligence - Personal
    Injury/ Damage (F)
B05 Products Liability (A)
B06 Malpractice - Medical (A)
B07 Malpractice - Other (A)
B08 Wrongful Death - Non-medical (A)
B15 Defamation (A)
B19 Asbestos (A)
B20 Personal Injury - Slip & Fall (F)
B21 Environmental (F)
B22 Employment Discrimination (F)
BE1 Fraud, Business Torts, etc. (A)
B99 Other Tortious Action (F)

**RP Summary Process (Real Property)**

S01 Summary Process - Residential (X)
S02 Summary Process - Commercial/
    Non-residential (F)

**RP Real Property**

C01 Land Taking (F)
C02 Zoning Appeal, G.L. c. 40A (F)
C03 Dispute Concerning Title (F)
C04 Foreclosure of a Mortgage (X)
C05 Condominium Lien & Charges (X)
C99 Other Real Property Action (F)

**MC Miscellaneous Civil Actions**

E18 Foreign Discovery Proceeding (X)
E97 Prisoner Habeas Corpus (X)
E22 Lottery Assignment, G.L. c. 10, § 28 (X)

**AB Abuse/Harassment Prevention**

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E(X)

**AA Administrative Civil Actions**

E02 Appeal from Administrative Agency,
    G.L. c. 30A (X)
E03 Certiorari Action, G.L. c. 249, § 4 (X)
E05 Confirmation of Arbitration Awards (X)
E06 Mass Antitrust Act, G.L. c. 93, § 9 (X)
E07 Mass Antitrust Act, G.L. c. 93, § 8 (X)
E08 Appointment of a Receiver (X)
E09 Construction Surety Bond, G.L. c. 149,
    §§ 29, 29A (A)
E10 Summary Process Appeal (X)
E11 Worker's Compensation (X)
E16 Auto Surcharge Appeal (X)
E17 Civil Rights Act, G.L. c.12, § 11H (A)
E24 Appeal from District Court
    Commitment, G.L. c.123, § 9(b) (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c. 265, § 56 (X)
E95 Forfeiture, G.L. c. 94C, § 47 (F)
E99 Other Administrative Action (X)
Z01 Medical Malpractice - Tribunal only,
    G.L. c. 231, § 60B (F)
Z02 Appeal Bond Denial (X)

**SO Sex Offender Review**

E12 SDP Commitment, G.L. c. 123A, § 12 (X)
E14 SDP Petition, G.L. c. 123A, § 9(b) (X)

**RC Restricted Civil Actions**

E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
E27 Minor Seeking Consent, G.L. c.112, § 12S(X)

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

| Summons | CIVIL DOCKET NO.<br>2184CV01853 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>STEPHEN LEVINE, on behalf of himself and all others similarly situated<br><br>Plaintiff(s)<br><br>VS.<br><br>MAPLEBEAR, INC. (d/b/a INSTACART)<br><br>Defendant(s) | Michael Joseph Donovan     Clerk of Courts<br>Suffolk     County<br>COURT NAME & ADDRESS:<br>SUPERIOR CIVIL COURT<br>SUFFOLK COUNTY COURTHOUSE<br>THREE PEMBERTON SQ. 12th Floor<br>BOSTON, MASSACHUSETTS 02108 |
|---|---|

THIS SUMMONS IS DIRECTED TO   Maplebear, Inc. (d/b/a Instacart)     (Defendant's name)

<u>You are being sued.</u> The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the     Court.

**'YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. <u>You must respond to this lawsuit in writing within 20 days.</u>

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court <u>and</u> mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business,     Court

          (address), by mail or in person **AND**

    b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

A true copy Attest:

Joseph P Casey

Deputy Sheriff Suffolk County

9-22-21

**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, ss.                                      SUPERIOR COURT
                                                  C. A. NO. _____

_____
                                           )
STEPHEN LEVINE, on behalf                  )
of himself and all others similarly situated,  )
                                           )
                    Plaintiff,             )
                                           )            *8/12/2021*
v.                                         )
                                           )
MAPLEBEAR. INC. (d/b/a INSTACART),         )
                                           )
                    Defendant.             )
_____          )

**CLASS ACTION COMPLAINT**

1.      This case is brought on behalf of individuals who have worked for

Maplebear, Inc. d/b/a Instacart ("Instacart") as delivery drivers or full-service shoppers

(both referred to here as "drivers") in Massachusetts.  Instacart provides on-demand

grocery shopping and grocery delivery services through a mobile phone application and

website.  Instacart is based in San Francisco, California, but it does business across the

United States and extensively throughout Massachusetts.

2.      As described further below, Instacart has willfully misclassified its drivers

as independent contractors in violation of Mass. Gen. L. c. 149 § 148B.  In so doing,

Instacart has violated Mass. Gen. L. c. 149 § 148 by failing to reimburse these drivers'

necessary business expenses such as gas and car maintenance and Mass. Gen. L. c.

151 §§ 1, 7 by failing to pay these drivers the Massachusetts minimum wage after

accounting for drivers' expenses and excluding their tips (as Instacart is not entitled to

take the tip credit against the minimum wage).  Instacart has also failed to provide its

1

independent contractor drivers with paid sick leave at a rate of at least one hour for every thirty hours worked in violation of the Massachusetts Earned Sick Time Law, Mass. Gen. L. c. 149 § 148C.

3.      Instacart's agreement with its drivers contains a mandatory arbitration provision, purporting to require drivers to arbitrate any disputes they have with Instacart, including disputes related to their classification as independent contractors.

4.      Plaintiff contends that this arbitration agreement is not enforceable, as he is a transportation worker exempt from arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, and the agreement is unenforceable under Massachusetts law because it contains a class action waiver that violates Massachusetts public policy.  See Archer v. GrubHub, Inc., No. 1984CV03277-BLS1 (Mass. Super. Ct. Jan. 11, 2021) (finding GrubHub delivery drivers exempt from arbitration under FAA); see also Waithaka v. Amazon.com Inc., 966 F.3d 10 (1st Cir. 2020) (refusing to enforce arbitration agreement for Amazon delivery drivers).

## PARTIES

5.      Plaintiff Stephen Levine is an adult resident of Lynn, Massachusetts.   He worked as an Instacart independent contractor delivery driver in the Boston, Massachusetts, area and the North Shore from approximately July 2019 to July 2020.

6.      Defendant Maplebear, Inc. is a Delaware corporation with its headquarters in San Francisco, California. Defendant does business in Massachusetts, including in Boston.

**STATEMENT OF FACTS**

7.      Defendant Maplebear, Inc. operates a same-day grocery delivery service, which engages drivers across the state of Massachusetts to deliver groceries to its customers at their homes and businesses.

8.      Instacart engages delivery drivers and full-service shoppers (both referred to here as "drivers") across the country to prepare and deliver grocery orders.1

9.      Plaintiff Stephen Levine worked as a driver for Instacart from approximately July 2019 to July 2020.

10.      Instacart has classified its drivers like Mr. Levine as "independent contractors," but under Massachusetts law, they should have been classified as employees.

11.      Instacart drivers perform services within Instacart's usual course of business, which is a grocery delivery service.  The drivers' services are fully integrated into Instacart's business.  Without drivers to perform deliveries, Instacart would not exist.

12.      Instacart drivers are not typically engaged in their own grocery delivery business. When delivering items for Instacart customers, they wear the "hat" of Instacart.

13.      In addition, Instacart maintains the right of control over the drivers' performance of their jobs and exercises detailed control over them.

---

1      "Full-service shoppers" shop for the grocery items, as well as deliver them to customers.  Instacart also engages "in-store shoppers" (many of whom it classifies as employees) who pick out and shop for groceries but do not deliver the groceries.  These "in-store shoppers" (who do not deliver) are not the subject of this Complaint.

14.   Instacart communicates directly with customers and follows up with drivers if the customer complains that something was not delivered or that the delivery otherwise failed to meet their expectations.  Based on any customer feedback, Instacart may suspend or terminate drivers.

15.   Instacart customers cannot request a specific driver and must place their orders through Instacart rather than with any particular driver.

16.   Instacart drivers do not need special qualifications or experience apart from a valid driver's license and two years of experience driving and the ability to lift 30-40 pounds (of groceries).

17.   Instacart drivers sign up for shifts in advance and must wait in specified locations to receive deliveries.

18.   Instacart does not reimburse drivers for any expenses they may incur while working for Instacart, including, but not limited to the cost of owning or leasing and maintaining their vehicles, gas, insurance, and phone and data expenses for running the Instacart Application.  Drivers incur these costs as a necessary expenditure to work for Instacart, which Massachusetts law requires employers to reimburse.

19.   Instacart drivers have not always received an hourly wage.  Instead, they have been paid based on a combination of fees per delivery and fees per item purchased.  Because Plaintiff and other Instacart drivers are paid by the delivery and do not receive an hourly rate and have been required to bear many of the expenses of their employment, their pay rates have often fallen below Massachusetts' minimum wage.

20.     Instacart does not pay its independent contractor drivers any earned sick time.  Plaintiff was sick during the period he worked for Instacart but was not able to receive sick pay for that time.

## CLASS ALLEGATIONS

21.     The Court should certify this case as a class action on behalf of all Instacart drivers who have worked as independent contractors in Massachusetts under Mass. R. Civ. P. 23 and/or Mass. Gen. L. c. 149 § 150.

22.     The class is so numerous that joinder of all members is impracticable. Plaintiff estimates that Instacart has employed thousands of drivers in Massachusetts while incorrectly classifying them as independent contractors.

23.     There are questions of law and fact common to the class, including whether Instacart has misclassified its drivers, failed to reimburse them for their business expenses, pay them minimum wage, and denied them sick leave.

24.     The named Plaintiff's claims are typical of those of the class members. Plaintiff's claims encompass the challenged practices and course of conduct of Instacart.  Furthermore, Plaintiff's legal claims are based on the same legal theories as the claims of the class members. The legal issues as to which laws are violated by such conduct apply equally to Plaintiff and to the class.

25.     The named Plaintiff will fairly and adequately protect the interests of the class.  The named Plaintiff's claims are not antagonistic to those of the class and he has hired counsel skilled in the prosecution of class actions.

26.     Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and

efficient adjudication of this controversy.  This proposed class action presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

27.    Pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 149 § 150, the above-named plaintiff has submitted his statutory claims with the Office of the Attorney General.

**COUNT I**
**Wage Act**
**MASSACHUSETTS GENERAL LAW CHAPTER 149 §§ 148, 148B**

As set forth above, Defendant Instacart has violated the Wage Act by misclassifying its drivers as independent contractors pursuant to § 148B and by failing to reimburse them for their business expenses necessary to perform their work, such as gas and car maintenance, smartphones and phone data plans in violation of Gen. L. c. 149 § 148.  This claim is asserted pursuant to Mass. Gen. L. c. 149 § 150.

**COUNT II**
**Minimum Wage**
**MASSACHUSETTS GENERAL LAW CHAPTER 151 §§ 1,7**

As set forth above, Defendant Instacart has violated the Massachusetts Minimum Wage Law, M.G.L. c. 151, §§ 1 and 7, by failing to ensure that its delivery drivers are paid at least the full state minimum wage.  This claim is brought pursuant to M.G.L. c. 151, § 20.

6

## COUNT III
### Sick Leave
### MASSACHUSETTS GENERAL LAW CHAPTER 149 § 148C

As set forth above, Defendant Instacart has violated the Massachusetts Sick

Leave Law, M.G.L. c. 149 § 148C, by failing to pay Instacart drivers earned sick time at

a rate of at least one hour for every thirty hours worked.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Certification of this case as a class action pursuant to Mass. R. Civ. P. 23
   and/or Mass. Gen. L. c. 149 § 150 and Mass. Gen. L. c. 151 § 20;

2. Restitution for all damages due to the Plaintiff and other class members
   because of their misclassification as independent contractors and related wage
   law and sick leave violations;

3. An injunction ordering Instacart to cease its unlawful practices;

4. Statutory trebling of damages;

5. Attorneys' fees and costs

6. Prejudgment interest; and,

7. Any other relief to which Plaintiff and the class may be entitled.

Dated:      August 12, 2021                Respectfully submitted,

STEPHEN LEVINE, on behalf of himself and
all others similarly situated,

By his attorneys,

Shannon Liss-Riordan, BBO # 640716
Michelle Cassorla, BBO # 688429
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
617-994-5800
sliss@llrlaw.com
mcassorla@llrlaw.com